# EXHIBIT "A"

# Court of Common Pleas of Philadelphia County
## Trial Division
# Civil Cover Sheet

**For Prothonotary Use Only (Docket Number)**

**OCTOBER 2025**     **02437**

E-Filing Number: 2510048940

| | |
|---|---|
| **PLAINTIFF'S NAME**<br>DESHAWN LOWMAN | **DEFENDANT'S NAME**<br>GWYNEDD MERCY UNIVERSITY |
| **PLAINTIFF'S ADDRESS**<br>12 STOCKWELL ROAD<br>WILMINGTON DE 19809 | **DEFENDANT'S ADDRESS**<br>1325 SUMNEYTOWN PIKE<br>GWYNEDD VALLEY PA 19437 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME**<br>KEITH MONDILLO |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS**<br>1325 SUMNEYTOWN PIKE<br>GWYNEDD VALLEY PA 19437 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME**<br>JOHN/JANE DOES |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS**<br>UNKNOWN<br>UNKNOWN PA UNKNOWN |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 4 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

**CASE TYPE AND CODE**
20 - PERSONAL INJURY - OTHER

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

FILED
PRO PROTHY
OCT 22 2025
B. BALILONIS

**IS CASE SUBJECT TO COORDINATION ORDER?**
YES   NO

## TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: DESHAWN LOWMAN

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>ROBERT P. SNYDER | ADDRESS<br>121 IVY LANE<br>KING OF PRUSSIA PA 19406 |
|---|---|
| PHONE NUMBER<br>(610)265-8050 | FAX NUMBER<br>(610)265-6638 | |

| SUPREME COURT IDENTIFICATION NO.<br>15367 | E-MAIL ADDRESS<br>millie@snyderinjurylaw.com |
|---|---|
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>ROBERT SNYDER | DATE SUBMITTED<br>Wednesday, October 22, 2025, 09:28 am |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**
1. GWYNEDD MERCY UNIVERSITY
    1325 SUMNEYTOWN PIKE
    GWYNEDD VALLEY PA 19437
2. KEITH MONDILLO
    1325 SUMNEYTOWN PIKE
    GWYNEDD VALLEY PA 19437
3. JOHN/JANE DOES
    UNKNOWN
    UNKNOWN PA UNKNOWN
4. ABC/DEF COMPANIES
    UNKNOWN
    UNKNOWN PA UNKNOWN

**SNYDER LAW GROUP, P.C.**
**BY:   ROBERT P. SNYDER**
      **ERIK P. SNYDER**
**ATTORNEY ID NOS. 15367, 315999**
121 Ivy Lane
King of Prussia, PA 19406
610-265-8050, (610) 265-6638 fax



*Filed and Attested by the Office of Judicial Records 22 OCT 2025 09:28 am BALILONTS*

**Attorneys for Plaintiff**

IN THE COURT OF COMMON PLEAS FOR PHILADELPHIA COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

| | |
|---|---|
| DESHAWN LOWMAN<br>12 Stockwell Road<br>Wilmington, DE 19809<br>    Plaintiff<br><br>v.<br><br>GWYNEDD MERCY UNIVERSITY,<br>Individually, and/or d/b/a GWYNEDD MERCY COLLEGE,<br>Individually, and/or d/b/a GWYNEDD MERCY,<br>Individually, and/or d/b/a GMERCYU<br>1325 Sumneytown Pike<br>Gwynedd Valley, PA 19437<br><br>&<br><br>KEITH MONDILLO<br>1325 Sumneytown Pike<br>Gwynedd Valley, PA 19437<br><br>&<br><br>JOHN/JANE DOES<br><br>&<br><br>ABC/DEF COMPANIES and/or COMPANIES<br>    Defendants | No.: |

## **NOTICE TO DEFEND**

Case ID: 251002437

| **NOTICE** | **AVISO** |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages you must take action within twenty (20) days after this complaint and notice are served by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you, and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property, or other rights important to you. | Le han demandada a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensa o sus objeciones a las demandas an contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandanta y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| **YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICES SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.** | **LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.** |
| PHILADELPHIA BAR ASSOCIATION<br>Lawyer Referral and Information Service<br>1101 Market Street, 11th Floor<br>Philadelphia, Pennsylvania 19107<br>(215) 238-1701 | ASOCIACIÓN DE LICENCIADOS DE PHILADELPHIA<br>Servicio De Referencia E Información Legal<br>1101 Market Street, 11th Floor<br>Philadelphia, Pennsylvania 19107<br>(215) 238-1701 |

Case ID: 251002437

**SNYDER LAW GROUP, P.C.**
**BY:   ROBERT P. SNYDER**
           **ERIK P. SNYDER**
**ATTORNEY ID NOS. 15367, 315999**
121 Ivy Lane
King of Prussia, PA 19406
610-265-8050, (610) 265-6638 fax                    **Attorneys for Plaintiff**

IN THE COURT OF COMMON PLEAS FOR PHILADELPHIA COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

| | |
|---|---|
| DESHAWN LOWMAN<br>12 Stockwell Road<br>Wilmington, DE 19809<br>    Plaintiff<br><br>v.<br><br>GWYNEDD MERCY UNIVERSITY,<br>Individually, and/or d/b/a GWYNEDD MERCY COLLEGE,<br>Individually, and/or d/b/a GWYNEDD MERCY,<br>Individually, and/or d/b/a GMERCYU<br>1325 Sumneytown Pike<br>Gwynedd Valley, PA 19437<br><br>&<br><br>KEITH MONDILLO<br>1325 Sumneytown Pike<br>Gwynedd Valley, PA 19437<br><br>&<br><br>JOHN/JANE DOES<br><br>&<br><br>ABC/DEF COMPANIES and/or COMPANIES<br>    Defendants | No.: |

## **COMPLAINT**

3

Case ID: 251002437

AND NOW, comes the Plaintiff, DESHAWN LOWMAN, by and through counsel, SNYDER LAW GROUP, P.C., who respectfully set forth the following:

## PARTIES

1. Plaintiff, DESHAWN LOWMAN, is an adult American citizen who currently resides at the above-captioned address.

2. Defendant GWYNEDD MERCY UNIVERSITY, individually, and/or d/b/a GWYNEDD MERCY COLLEGE, individually, and/or d/b/a GWYNEDD MERCY, Individually and/or d/b/a GMERCYU, Individually, and/or d/b/a GWYNEDD MERCY UNIVERSITY GRIFFINS, Individually, and/or d/b/a GWYNEDD MERCY GRIFFINS, Individually, and/or d/b/a GWYNEDD GRIFFINS (hereafter, Defendant Gwynedd Mercy University) is believed, and therefore averred to be a Domestic Non-Profit Corporation and educational institution with a corporate headquarters located in Gwynedd Valley, Pennsylvania, and a mailing address listed at the above-stated address, regularly conducting substantial business throughout Pennsylvania, including but not limited to, Philadelphia County.

3. At all times relevant hereto, Defendant Gwynedd Mercy University acted through its duly authorized servants, workmen, and/or employees, all of whom were acting within the scope of their employment, agency, and allegedly in furtherance of Defendant Gwynedd Mercy University's business interests.

4. It is believed, and therefore averred, that Defendant KEITH MONDILLO is an adult American citizen who at all times relevant hereto, was an actual apparent, and/or ostensible agent, servant, workman, and/or employee of Defendant Gwynedd Mercy University, acting generally within the course and scope of his employment/agency as Director of Athletics for Defendant Gwynedd Mercy University, and the individual responsible for event management decisions.

5. It is believed, and therefore averred, that Defendant KEITH MONDILLO, acting within the course and scope of his employment/agency as Director of Athletics for Defendant Gwynedd Mercy University, was responsible for the security, entrance and exit plans of student athletes and staff in and out of the Griffin Complex stadium, before and after the conclusion of games, and would have the ability to institute safety and security policies regarding athletic matters, including those aimed at maintaining the safety and security of student athletes and staff members present at competitive games, from both their own and visiting teams.

6. On or before January 3, 2024, and at all times relevant hereto, Defendant Gwynedd Mercy University did own, operate, possess, manage, and/or otherwise control a NCAA Division III Men's basketball team, the "Gwynedd Mercy University Griffins," and their athletic facilities, The Griffin Complex, at 1325 Sumneytown Pike, in Gwynedd Valley, PA 19437.

7. Defendant JOHN DOE is fictitious and an unknown Defendant Designation pursuant to Pa.R.C.P. 2005 since the actual name of the person/entity is unknown and could not be determined after a reasonable search with due diligence was conducted to determine the actual name of Defendant.

8. Defendant ABC/DEF COMPANIES/CORPORATIONS are fictitious names and unknown Defendant Designations pursuant to Pa.R.C.P. 2005 for unknown responsible businesses, companies, and/or corporate entities, managers, supervisors, personnel, and/or those otherwise responsible that could not be determined after a reasonable search with due diligence was conducted to determine the actual name of the Defendant.

## **VENUE**

9. At all times relevant hereto, Defendant Gwynedd Mercy University regularly conducted, and still conducts business in Philadelphia County, in such a sufficient manner as to render venue proper pursuant to Pa. R.C.P. 2179(a)(2).

10. Defendant Gwynedd Mercy University regularly conducts business in Philadelphia County through (a) the operation of documented instructional/affiliated sites within the County; (b) systematic, in-person solicitation of students at Philadelphia high schools and college fairs; and (c) indispensable, formal program partnerships and clinical placements with Philadelphia institutions that are integral to Defendant's core academic offerings.

11. Defendant Gwynedd Mercy University provides educational services in Philadelphia County to healthcare providers located in Philadelphia County and maintains structured clinical affiliations and partnerships with Philadelphia healthcare systems, including Penn Medicine and Temple Health.

12. Venue may be laid against any Defendant wherever venue may be laid against any other Defendant, and, therefore, venue is appropriate against all Defendants in Philadelphia County pursuant to Pa. R.C.P. 1006(c).

13. At all times relevant hereto, Defendant Gwynedd Mercy University was registered to do business and/or existed pursuant to the laws of the Commonwealth of Pennsylvania.

14. At all times relevant hereto, Defendant Gwynedd Mercy University regularly conducted business, and held itself out as regularly conducting business within the Commonwealth of Pennsylvania and within Philadelphia County.

15. At all times relevant hereto, Defendant Gwynedd Mercy University presently takes advantage of the entire Philadelphia County infrastructure to perform its services.

16. At all times relevant hereto, Defendant Gwynedd Mercy University solicited and serviced students/customers/educational providers located in Philadelphia County.

17. Upon information and belief, it is averred that at all times relevant hereto, Defendant Gwynedd Mercy University derived, and continues to derive, a significant source of its revenue as a result of its solicitation of business from residents of Philadelphia County.

## FACTUAL ALLEGATIONS

18. The preceding paragraphs are hereby incorporated by reference as though fully set forth at length herein below.

19. On or about January 3, 2024, Plaintiff DESHAWN LOWMAN was employed as an assistant men's basketball coach for the NCAA Division III Men's Basketball team, Neumann University Knights.

20. On the aforesaid date, a basketball game was held between the Neumann University Knights and the Gwynedd Mercy University Griffins, (two longstanding rivals, a fact known to both universities and which foreseeably increased the risk of heightened tensions and physical altercations between the teams) at the Griffin Complex, at 1325 Sumneytown Pike, in Gwynedd Valley, PA 19437, beginning on or about 8:10 P.M.

21. At or around 10:00 PM on the aforesaid date, the game concluded with the Neumann University Knights defeating the Gwynedd Mercy University Griffins, 80-78, on a last-second shot.

22. Emotions among players and staff were elevated, with both teams moving toward the same exit, simultaneously.

23. Despite this, Defendants failed to stagger team departures, failed to separate routes, failed to deploy trained personnel at chokepoints, and failed to coordinate with campus safety and/or police to manage post-game exit.

24. At this time, a player for the Neumann University Knights was pushed by a player for the Gwynedd Mercy University Griffins, resulting in a physical altercation and brawl between members of both teams.

25. Defendants knew, or should have known, of the high risk of physical altercation that would result from the players of both teams attempting to exit the building at the same time.

26. Plaintiff Deshawn Lowman, in his professional capacity as an assistant basketball coach for the Neumann University Knights, and in an attempt to protect the safety of the student athletes and others, attempted to intervene to separate the brawling students.

27. Plaintiff Deshawn Lowman was then struck, kicked, punched, and physically assaulted by student athletes of Gwynedd Mercy University, resulting in serious and sundry injuries described more thoroughly below.

28. No Gwynedd Mercy University security or event staff timely intervened to prevent or stop the assault on Plaintiff.

29. After the altercation, Plaintiff Deshawn Lowman gave a statement to the Police, who had arrived after being called about the incident.

30. There was not adequate security, event staff, or university officials positioned at or near the single exit to manage the egress of the rival teams or to prevent the foreseeable altercation that occurred.

31. Defendant Gwynedd Mercy University's employees or agents, including Defendant KEITH MONDILLO, were aware or should have been aware that having both rival teams leave

through a single exit, at the same time, posed a significant risk of danger or hazard to the student athletes of both teams, and their staffs.

32. Defendant Gwynedd Mercy University's employees or agents, including Defendant KEITH MONDILLO, did not provide proper security to actively account for and handle the above-referenced known risks.

33. At all times material hereto, Plaintiff did not assume the risk of injuries.

34. At all times material hereto, Plaintiff was lawfully on Defendant Gwynedd Mercy University's premises as a business invitee.

## COUNT I – NEGLIGENT SECURITY
### Plaintiff v. Defendants

35. The preceding paragraphs are hereby incorporated by reference as though fully set forth at length herein below.

36. At all times material hereto, Defendants owed a duty to Plaintiff to inspect for dangers and to protect Plaintiff from being injured by disorderly and out-of-control student athletes while he was a business invitee.

37. At the aforesaid time and place, Defendants breached their duty to protect Plaintiff from being injured by student athletes, while he was a business invitee.

38. The aforesaid incident was the direct and proximate result of the negligence, carelessness, and recklessness in the operation of Defendant Gwynedd Mercy University, and Defendant KEITH MONDILLO in that they:

   a. Knowingly funneled both teams through a single exit simultaneously following a one-possession rivalry finish;

   b. Failed to stagger/separate team egress or route teams by distinct corridors;

   c. Failed to deploy adequately trained security at chokepoints and along the exit path;

d. Failed to adopt and enforce written rivalry-game exit protocols;

e. Failed to coordinate with campus safety/police for post-game separation;

f. Failed to monitor and intervene when physical contact began;

g. Failed to supervise event-operations staff responsible for implementing these measures;

h. Failed to provide adequate security to protect Plaintiff from the harmful acts of third parties, and maintain peace and order, and to prevent a melee;

i. Failed to develop and implement a security plan appropriate for a high-stakes collegiate sporting event between known rivals;

j. Creating a dangerous condition by forcing two rival teams, immediately following a contentious game, to use a single, unmonitored exit simultaneously;

k. Failed to heed the foreseeable risk of violence given the nature of the rivalry, the close score, and the lack of a managed exit strategy;

l. Failed to have in place policies and procedures that could have been followed by its agents, servants, and/or employees to protect Plaintiff from the harmful acts of third parties;

m. Failing to have any security personnel visible or present at the conclusion of the game, thereby creating an environment where violent acts were likely to occur.

n. Failed to properly supervise its agents, servants, and/or employees so as to ensure that they were performing their duties as security personnel in a competent manner;

o. Failed to identify, restrain, escort, eject, or otherwise remove the individuals who assaulted Plaintiff from the premises;

p. Failed to have adequate security to discourage fighting, brawls, and altercations between student athletes on its property;

q. Failed to have sufficient security staff to deal with a fight between student athletes that evening;

r. Failed to intervene when student athletes came into physical contact with each other prior to the fight breaking out; and

s. Failed to have adequate plans for student athletes to safely leave the premises in such a manner as to discourage altercations and incidents between student athletes.

39. As a direct and proximate result of the negligence, gross negligence, and/or reckless indifference of Defendants, and their employees and servants, as alleged herein, Plaintiff was seriously injured.

40. As a result of the aforementioned conduct of Defendants, Plaintiff has suffered various and sundry catastrophic injuries, including, but not limited to, the following: concussion with post-traumatic headaches; post-concussive syndrome; speech and language difficulties; occipital neuralgia; cervical radiculopathy; cervical and lumbar strain; cervical and lumbar facet syndrome, migraines; post-concussive encephalopathy and vestibulopathy; sacroiliac joint dysfunction; memory loss; difficulty concentrating; pain in his shoulders, neck, cervical spine, thoracic spine, and lower back; limited range of motion; anxiety; insomnia; and a severe and permanent shock to his nerves and nervous system, all of which have caused him to suffer great physical pain, mental anguish and financial damage and loss, in the past, and will, in all likelihood, continue to do so, indefinitely into the future.

41. As a further result of the injuries sustained in the above-incident, Plaintiff has been, and will continue to be, hindered and prevented from attending to and about his normal and usual daily duties and activities, thereby resulting in a loss, depreciation, and diminution of his ability to enjoy life and life's pleasures.

42. Plaintiff has incurred, and/or will continue to incur, items of economic loss, much to his great financial damage and loss.

43. Plaintiff has incurred, as a result of the aforesaid incident, an impairment of earning capacity and/or loss of earnings.

44. At all times material hereto, Plaintiff acted with due care and was not negligent.

45. Defendants' decisions were made in conscious disregard of a known, substantial risk of violent confrontation inherent in a rivalry game with a last-second outcome and simultaneous single-exit egress without trained security at chokepoints; thus, punitive damages are therefore warranted.

WHEREFORE, Plaintiff DESHAWN LOWMAN demands judgment in his favor, and against Defendants for an amount in excess of $50,000.00, together with costs, expenses, compensatory, punitive, and delay damages, a jury trial being demanded.

### COUNT II – ASSAULT & BATTERY
### Plaintiff v. John/Jane Doe

46. The preceding paragraphs are hereby incorporated by reference as though fully set forth at length herein.

47. The foregoing incident and injuries sustained by Plaintiff are the direct and proximate result of the intentional, willful, and malicious conduct of Defendants JOHN/JANE DOES, including:

    a. Shoving, kicking, punching, and/or otherwise coming into potentially harmful physical contact with Plaintiff.

48. As a direct and proximate result of the aforementioned conduct of Defendants JOHN/JANE DOES, Plaintiff has suffered various and sundry catastrophic injuries, including, but not limited to, the following: concussion with post-traumatic headaches; post-concussive syndrome; speech

and language difficulties; occipital neuralgia; cervical radiculopathy; cervical and lumbar strain; cervical and lumbar facet syndrome, migraines; post-concussive encephalopathy and vestibulopathy; sacroiliac joint dysfunction; memory loss; difficulty concentrating; pain in his shoulders, neck, cervical spine, thoracic spine, and lower back; limited range of motion; anxiety; insomnia; and a severe and permanent shock to his nerves and nervous system, all of which have caused him to suffer great physical pain, mental anguish and financial damage and loss, in the past, and will, in all likelihood, continue to do so, indefinitely into the future.

49. As a further result of the injuries sustained in the above-incident, Plaintiff has been, and will continue to be, hindered and prevented from attending to and about his normal and usual daily duties and activities, thereby resulting in a loss, depreciation, and diminution of his ability to enjoy life and life's pleasures.

50. Plaintiff has incurred, and/or will continue to incur, items of economic loss, much to his great financial damage and loss.

51. Plaintiff has incurred, as a result of the aforesaid incident, an impairment of earning capacity and/or loss of earnings.

WHEREFORE, Plaintiff DESHAWN LOWMAN demands judgment in his favor, and against Defendants JOHN/JANE DOES for an amount in excess of $50,000.00, together with costs, expenses, compensatory, punitive, and delay damages, a jury trial being demanded.

### COUNT III – CORPORATE NEGLIGENCE
### Plaintiff v. Gwynedd Mercy University

52. The preceding paragraphs are hereby incorporated by reference.

53. Defendant owed duties to Plaintiff to (a) to have in place and enforce reasonable policies and procedures to ensure his safety; (b) to select and retain only competent personnel; (c) to

13

Case ID: 251002437

oversee all persons who work within its walls; and (d) to formulate, adopt and enforce adequate rules and policies to ensure safety for its business invitees.

54.     Defendant Gwynedd Mercy University breached its corporate duties to the Plaintiff by, inter alia:

   a. Failing to adopt, implement, or enforce any adequate security policies for athletic events involving rival teams;

   b. Failing to develop or enforce a policy for the safe and separated exit of opposing teams from the athletic facility to minimize the risk of conflict;

   c. Failing to ensure the presence of trained security or event staff to oversee the premises and maintain order, despite the foreseeable risks;

   d. Failing to properly train its athletic department staff, including Defendant KEITH MONDILLO, in basic crowd control and conflict de-escalation procedures.

55.     Defendant had actual or constructive knowledge of the deficient policies and procedures that created the harm, which was a substantial factor in bringing about the harm to the Plaintiff.

56.     As a direct and proximate result of Defendant's corporate negligence described herein, Plaintiff has been injured and damaged without any of his own negligence contributing thereto.

WHEREFORE, Plaintiff DESHAWN LOWMAN demands judgment in his favor, and against Defendant Gwynedd Mercy University for an amount in excess of $50,000.00, together with costs, expenses, compensatory, punitive, and delay damages, a jury trial being demanded.

                                         Respectfully submitted:

                                         **SNYDER LAW GROUP, P.C.**

      10/22/2025                          /s/ Erik P. Snyder
Date: _____                  BY: _____
                                              ROBERT P. SNYDER, ESQ./
                                              ERIK P. SNYDER, ESQ.
                                              Attorneys for Plaintiff

## **VERIFICATION**

I verify that the statements made in the foregoing are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa. C. S. Section 4904 relating to unsworn falsification to authorities.

Date: 10/22/2025

*[signature]*

Printed Name: Deshawn Lowman