IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DeShawn Lowman,<br>　　　　Plaintiff, | : NO: 2:25-cv-6352<br>:<br>: JURY TRIAL DEMANDED |
| v. | : |
| Gwynedd Mercy University, Individually, and/or d/b/a Gwynedd Mercy College, Individually, and/or d/b/a Gwynedd Mercy, Individually, and/or d/b/a GMERCYU, Keith Mondillo, John/Jane Does and ABC/DEF Companies and/or Companies,<br>　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>: |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, GWYNEDD MERCY UNIVERSITY'S, MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Gwynedd Mercy University ("Moving Defendant"), by and through its undersigned counsel, Cipriani and Werner, P.C., hereby files the within Memorandum of Law in support of its Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

**I.　　FACTS**

Plaintiff Deshawn Lowman commenced this action by filing of a Complaint in the Court of Common Pleas, Philadelphia County, Pennsylvania on October 22, 2025. A copy of Plaintiff's Complaint is hereto attached as Exhibit A. Service was effected on October 28, 2025, the case was then removed to the United States District Court for the Eastern District of Pennsylvania on November 10, 2025.

Plaintiff's Complaint alleges that on January 3, 2024, while on the premises at Griffin Gymnasium on Gwynedd Mercy University's Campus, he was involved in a physical altercation. Ex. A at ¶¶ 19-28. At that time, the Gwynedd Mercy Men's Basketball Team was finishing a

game with Neumann University, who Plaintiff claims are rivals. Ex. A at ¶21. As the teams were departing from the gymnasium, a physical altercation began between the two teams, which Plaintiff alleges was begun by a Gwynedd Mercy player. Ex. A at ¶24.

Note that Plaintiff alleges that Defendant "failed to stagger team departures, failed to separate routes, failed to deploy trained personnel at chokepoints and failed to coordinate with campus safety and/or Police to manage post game exist" See Exhibit A at ¶23. Plaintiff is himself the assistant basketball coach for Neumann College, as alleged in Paragraph ¶26, and therefore was himself in a position to keep the Neumann players away from the Gwynedd Mercy players, and to otherwise insure that the two did not cross paths after the game concluded.

After failing to control his own players, Plaintiff alleges the following in ¶26 and ¶27 of the Complaint:

> 26.    Plaintiff Deshan Lowman, in his professional capacity as an assistant basketball coach for the Neumann University Knights, and in an attempt to protect the safety of the student athletes and others, attempted to intervene to separate the brawling students.
>
> 27.    Plaintiff Deshawn Lowman was then struck, kicked, punched, and physically assaulted by student athletes of Gwynedd Mercy University, resulting in serious and sundry injuries described more thoroughly below.

See Exhibit A.

To be clear, nowhere in the Complaint does Plaintiff alleges that he was in danger until he solely and unilaterally decided to intervene in the ongoing fracas. The Complaint makes clear that Plaintiff placed himself in danger – the danger did not come to him. Any injuries that he suffered were not the result of any breach of duty (Moving Defendant denies it breached any duty), but rather his independent action in placing him in harm's way.

Plaintiff's Complaint fails to state a claim upon which relief can be granted given the lack of duty on Moving Defendant's part and Plaintiff's own assumption of the risk. Additionally,

Plaintiff's Complaint also contains improper allegations of recklessness and requests for punitive damages.

## II. LEGAL STANDARD

A federal district court exercising diversity jurisdiction applies Pennsylvania substantive law and federal procedural law. *Chamberlain v. Giampapa*, 210 F.3d 154, 158 (3d Cir. 2000) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)). A party is required to bring all Rule 12 motions at once or risk waivers. *See* Fed. R. Civ. P. 12(h). Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or part, if the plaintiff fails to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) must be granted if the complaint is legally insufficient. *See Campbell v. Conroy*, 55 F.Supp.3d 750, 755 (W.D. Pa. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). To state a viable claim and survive a motion to dismiss, the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation," or accept as true unsupported conclusions and unwarranted inferences. *Twombly*, 550 U.S. at 555 (citation omitted).

Pennsylvania courts have set forth the elements of negligence as follows:

1. A duty or obligation recognized by the law, requiring the actor to conform to a certain standard of conduct for the protection of others against unreasonable risks;

2. A failure to conform to the standard required;

3. A causal connection between the conduct and the resulting injury; and

4.   Actual loss or damage resulting to the interests of another.

*Morena v. South Hills Health Sys.*, 501 Pa. 634, 462 A.2d 680, 684 n. 5 (Pa. 1983) (citing William L. Prosser, Law of Torts § 30, at 143 (4th ed. 1971)).

### III. ARGUMENT

#### A. Plaintiff Fails to State a Claim upon Which Relief can be Granted

##### 1. Lack of Duty/Assumption of the Risk

"The landowner is under an affirmative duty to protect a business visitor not only against known dangers but also against those which might be discovered with reasonable care." *Charlie v. Erie Ins. Exch.*, 100 A.3d 244, 253 (Pa. Super. 2014). This duty can in some circumstances require an owner/business to protect against foreseeable harms. In *Massaro v. McDonald's Corp.*, 2022 PA Super 127, 280 A.3d 1028, 1039 (Pa. Super. Ct. 2022), the Superior Court noted that the staff could have prevented an unstable individual from entering their premises, called the Police once he began harassing patrons, or come to the plaintiff's aid when he was being attacked.

If a duty is found to exist, exceptions exist to preclude Plaintiff from recovering. One such defense in the assumption of the risk. Under Pennsylvania Law:

> Under the doctrine of assumption of the risk, a defendant is relieved of its duty to protect a plaintiff where the plaintiff has voluntarily and deliberately proceeded to face a known and obvious risk and therefore is considered to have assumed liability for his own injuries. Our Supreme Court on occasion has affirmed a trial court's decision that as a matter of law, a plaintiff voluntarily proceeded in the face of a known risk and absolved the defendant from responsibility for the injuries sustained.
>
> ***
>
> However, the determination that the plaintiff has assumed the risk of his injuries such that recovery is prevented should occur only where it is

>beyond question that the plaintiff voluntarily and knowingly proceeded in the face of an obvious and dangerous condition.

*Barrett v. Fredavid Builders, Inc.*, 454 Pa.Super. 162, 166, 685 A.2d 129, 131 (1996).

Examples of assumption of the risk frequently include sporting activities. *See Bowser v. Hershey Baseball Ass'n*, 516 A.2d 61, 63 (Pa. Super. 1986)("When he agreed to participate on the field during the baseball tryouts, he voluntarily exposed himself to the risks inherent in baseball. One of the risks inherent in baseball is being hit by a batted ball."); *Craig v. Amateur Softball Ass'n of Am.*, 951 A.2d 372, 376 (Pa. Super. Ct. 2008)(collecting cases).("Our precedent is clear on this point-the risk of being struck with a softball is inherent to the game."); *see also Amon v. Shemaka*, 214 A.2d 238, 240 n.* (Pa. 1965) ("Every player in and every spectator at a baseball game, a football game, a basketball or soccer or hockey game ... knows that an accident or injury may occur in these and in many other sports, and that by playing or watching, he voluntarily assumes the risk of injury....").

Plaintiff's claims fail to establish a duty owed to him or any relevant breach thereof. Generally speaking, "the risk of injury from the criminal acts of third persons arises not from the conduct of the landlord but from the conduct of an unpredictable independent agent.  To impose a general duty in the latter case would effectively require landlords to be insurers of their tenants' safety: a burden which could never be completely met given the unfortunate realities of modern society." *Feld v. Merriam*, 506 Pa. 383, 392, 485 A.2d 742, 746 (1984).

Further, contrary to the representations in Plaintiff's Complaint, there were indeed public safety officers on the scene on the date identified in Plaintiff's Complaint, who were promptly joined by police officers from three nearby precincts. *See* Gwynedd Mercy University Dispatch Call Report, a true and correct copy of which is attached as Exhibit B.  Plaintiff's assertion that security failed to timely intervene or stop the alleged assault on Plaintiff suggests to the contrary,

and appears to claim that Gwynedd Mercy was under the obligation to **assume** a tortious event would occur at the conclusion of a routine game. Ex. A, ¶¶28-31. These allegations attempt to impose an unreasonable duty on Defendant to treat every collegiate sporting event as a potential hotbed for criminal activity. Even so, public safety officials and the police **did** intervene in the ongoing physical brawl almost immediately. See Ex. B. As such, Plaintiff has failed to establish a cognizable duty of care owed to him under Pennsylvania law or any breach thereof.

Assuming *arguendo* that Plaintiff was owed such a duty, he nevertheless admits in his Complaint that he assumed the risk of his conduct. Plaintiff observed the physical altercation occurring and "attempted to intervene to separate the brawling students." Ex. A, ¶26. It is thus clear that Plaintiff perceived a known risk (the altercation) and proceeded to expose himself to an obvious and dangerous condition regardless thereof. *Barrett*, 685 A.2d at 131. Indeed, Plaintiff's so called "intervention" included active participation in the brawl, as he was observed kicking a student in the head. Ex. B. Plaintiff's voluntary involvement in a physical brawl cannot be a result of Defendant's alleged failure to protect Plaintiff on their premises.

    2.    **Lack of Causation**

Alternatively, even if Plaintiff was owed a duty from Defendant (which is denied) and such duty was breached, said breach was not the actual or proximate cause of Plaintiff's alleged injuries. Where an individual proceeds in conduct which contains an obviously foreseeable risk of harm, its it the individual who causes his injuries, not the lack of a policy advising against it. *Matusky v. Haugh's Pools*, 415 Pa.Super. 643, 649, 610 A.2d 474, 476 (1992)(plaintiff's decision to dive head first into a four foot deep pool was actual cause of the injury, despite no warnings displayed advising of such danger). In the instant matter, Plaintiff observed an ongoing physical brawl taking place.

Acknowledging that physical harm would be a necessary consequence of such a brawl, plaintiff nevertheless inserted himself into the altercation and actively participated it its ongoing nature.  As such, it was Plaintiff's decision to contribute to the ongoing physical violence that caused his injuries, not the Defendant's alleged lack of adequate security. He suffered no injury until he unilaterally placed himself in danger.  Note that this is not mere argument, but rather what is alleged by Plaintiff, in Plaintiff's verified Complaint.  The Complaint states in unadorned terms that Plaintiff was not involved in the alleged "brawl" until he elected to involve himself. He was safe until he left the area of safety.  To the extent that Moving Defendant was negligent – which is expressly denied – it was not Moving Defendant's safety that caused Plaintiff's injuries. There is no causation pled, and in the absence of causation, Plaintiff has failed to make a prima facie claim for negligence.  For these reasons, Plaintiff's claims for negligence necessarily fail as a matter of law.

### 3. Corporate Negligence

Plaintiff's Complaint also asserts a cause of action against the insured for Corporate Negligence, although his allegations primarily restate his complaints regarding a lack of security protocols to prevent fights after basketball games. Under Pennsylvania law, the doctrine of corporate negligence is primarily applied in the context of hospital liability and focuses on the institution's direct responsibilities to its patients: "Pennsylvania recognizes the doctrine of corporate negligence as a basis for hospital liability separate from the liability of the practitioners who actually have rendered medical care to a patient. The doctrine of corporate negligence imposes a non-delegable duty on the hospital to uphold a proper standard of care to patients." *Seels v. Tenet Health Sys. Hahnemann, LLC*, 167 A.3d 190, 205 (Pa. Super. 2017)(citations omitted).  As Moving Defendant is not a hospital nor did it undertake a duty of care to provide

medical care to Plaintiff, Moving Defendant respectfully submits that this cause of action fails as a matter of law.

### 4. Improper Allegations of Recklessness

Under Pennsylvania law, recklessness occurs "where the actor knows, or has reason to know of facts which create a high risk of physical harm to another and deliberately proceeds to act, or fails to act, in conscious disregard of, or indifference to, that risk." *See SHV Coal, Inc. v. Cont'l Grain Co.*, 587 A.2d 702, 704 (Pa. 1991). Reckless indifference is defined as "indifference of the interests of others, or as it is sometimes referred, wanton misconduct, meaning that the actor had intentionally done an act of an unreasonable character and disregard as a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow. *Smith v. Brown*, 423 A.2d 743 (Pa. 1980). The mere pleading of recklessness or other outrageous conduct does not satisfy the requirement of stating facts which, if proven would form a basis for a jury to even consider the issue. *See Evans v. Philadelphia Transportation Company*, 212 A.2d 440 (Pa. 1965). Specifically, allegations of recklessness require facts sufficient to support the allegations and that a tortfeasor acted with a conscious awareness of risk yet continued to act in such a manner as to callously disregard the risk. *See Commonwealth v. Greenberg*, 885 A.2d 1028 (Pa. Super. Ct. 2005). [1]

---

[1] In negligence actions the right to recover punitive damages is contingent upon proof that defendant's actions constitute wanton misconduct or outrageous conduct done with reckless indifference to the interest of others. "[P]unitive damages may not be awarded for misconduct which constitutes ordinary negligence such as inadvertence, mistake and errors of judgment." *Bucks v. Pennfield Corp.*, 4 Pa. D. & C.4th 474, 483 (Pa. Com. Pl. 1989)(citing *Martin v. Johns-Manville Corporation*, 508 Pa. 154, 494 A.2d 1088 (1985)). Simply put, the Complaint does not allege any conduct rising to the level required by Pennsylvania Courts. *See, e.g., King v. Logue*, 9 Pa. D. & C.3d 137, 140 (Pa. Com. Pl. 1978)(noting plaintiff's reliance on a previously withheld pathology report which indicated that [Medical Malpractice Defendant] willfully concealed from plaintiffs the fact that a sterilization procedure was unsuccessful); *G.J.D. by G.J.D. v. Johnson*, 552 Pa. 169, 175, 713 A.2d 1127, 1131 (1998)(distribution of decedent's illicit photographs with name, telephone number, and language claiming she was a prostitute for hire was "nothing short of outrageous); *Lomas v. Kravitz*, 2015 PA Super 267, 130 A.3d 107, 129 (Pa. Super. Ct.

In the present case, Plaintiff does not provide factual allegations that Defendant deliberately meant to cause harm; acted with intent, or that it acted with an evil or malicious motive. Plaintiff's Complaint also fails to allege that Defendant acted intentionally, and furthermore, Plaintiff's Complaint is entirely absent of allegations regarding Defendant's mental state. Plaintiff's Complaint instead alleges that Defendant's public safety officers, who were on the premises, failed to prevent Plaintiff's injuries from a brawl **he inserted himself into**.

A party's failure to plead facts to support allegations that a tortfeasor's conduct was intentional, willful, wanton, and reckless, results in the striking of those legal conclusions, and a dismissal of that party's claims of recklessness. *See Feld v. Merriam*, 485 A.2d 742 (Pa. 1984). Plaintiff's Complaint fails to include facts regarding Defendant's state of mind, and Plaintiff's vague allegations of recklessness are impermissible conclusions of law which are insufficient said allegations. Plaintiff's conclusory allegations that Defendant should have had more aggressive and intervening police presence at all sporting events fails to rise to the level Pennsylvania law requires to support allegations of recklessness.

---

2015), *aff'd*, 642 Pa. 181, 170 A.3d 380 (2017)(20 years of fraudulent transfer of assets and abuse of legal process to avoid paying arbitration award supported grant of punitive damages).

## IV. CONCLUSION

For the foregoing reasons, Moving Defendant, Gwynedd Mercy University respectfully requests this Honorable Court grant their Motion to Dismiss and enter an Order (1) dismissing Plaintiff's Complaint in its entirety, with prejudice; or in the alternative; (2) dismissing allegations of recklessness and punitive damages against Moving Defendant, with prejudice.

Respectfully submitted,

CIPRIANI & WERNER, P.C.

By: *Salvatore Vilardi*
Salvatore Vilardi, Esq.
Kyle J. Conway, Esq.
Attorney for Defendant,
Gwynedd Mercy University