# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DESHAWN LOWMAN,** *Plaintiff*, | CIVIL ACTION |
| v. | NO. 25-6352 |
| **GWYNEDD MERCY UNIVERSITY, INDIVIDUALLY, and/or d/b/a,** *et al.*, *Defendants*. | |

## ORDER

**AND NOW**, this 30th day of December 2025, upon consideration of Defendant Gwynedd Mercy University's *motion to dismiss request for punitive damages in plaintiff's complaint*, (ECF 9), and Plaintiff DeShawn Lowman's ("Plaintiff") response in opposition, (ECF 10), it is hereby **ORDERED** that**,** for the reasons set forth in the footnote, Defendant's motion to dismiss the claim for punitive damages is **DENIED**.[1]

---

[1] Plaintiff filed a personal injury action in state court against Defendant Gwynedd Mercy University ("Gwynedd Mercy"), Defendant Keith Mondillo, the director of athletics for Gwynedd Mercy University, and unnamed Doe Defendants, (collectively, "Defendants"), averring claims of negligent security, assault and battery, negligent hiring, training, and supervision. (ECF 7). In the complaint, Plaintiff, an assistant basketball coach with Gwynedd Mercy, avers that he was assaulted while attempting to leave the basketball court on January 3, 2024, after a game. Plaintiff contends that the assault escalated due to Defendants' negligent security operations. Plaintiff further contends that due to his position as the assistant coach and as a business invitee, he was required to intervene to protect his players, and as a result was injured. On November 10, 2025, Defendants removed this case from the Philadelphia County Court of Common Pleas to this Court pursuant to 28 U.S.C. §§ 1441 and 1332, based upon diversity jurisdiction. (ECF 1). On December 2, 2025, Plaintiff filed an amended complaint. (ECF 7).

On December 9, 2025, Defendant Gwynedd Mercy filed the underlying motion pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), and moves to dismiss Plaintiff's claim for punitive damages, specifically Plaintiff's allegations of recklessness arguing that the claim is procedurally deficient and unjustified under Pennsylvania law. (ECF 9). In his opposition, Plaintiff argues that the amended complaint contains sufficient factual allegations to support a claim for punitive damages. (ECF 10).

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court "must accept all of the complaint's well-pleaded facts as true but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). The court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "A claim has facial plausibility when the

**BY THE COURT:**
/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege facts sufficient to "nudge [his] claims across the line from conceivable to plausible." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (alteration in original) (quoting *Twombly*, 550 U.S. at 570).

As a federal court sitting in diversity, courts apply Pennsylvania law to a plaintiff's substantive claims for punitive damages and the Federal Rules of Civil Procedure with respect to the adequacy of the pleadings. *See Chamberlain v. Giampapa*, 210 F.3d 154, 158 (3d Cir. 2000) (quoting *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)). As such, Rule 9(b) provides that "malice, intent, knowledge, and other conditions of mind of a person may be averred generally." Fed. R. Civ. P. 9(b). The United States Court of Appeals for the Third Circuit has construed this Rule's purpose as one of giving defendants notice of the claims against them. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1418 (3d Cir. 1997). "[I]n Pennsylvania, a punitive damages claim must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." *Hutchison ex rel. Hutchison v. Luddy*, 870 A.2d 766, 772 (Pa. 2005).

Here, Plaintiff has alleged, *inter alia*, that Defendants failed to implement and enforce various security protocols despite knowing that a substantial risk of a violent confrontation existed on the date of incident. (*See, e.g.*, ECF 7 at ¶¶ 45, 52). At this stage of the litigation, this Court finds that Plaintiff has pled sufficient facts of a general subjective appreciation of the risk and failure to mitigate it such that Defendants are on notice of the allegations against them and can prepare their defense, if any. *See Harvell v. Brumberger*, 2020 WL 6947693, at *8 (M.D. Pa. Nov. 4, 2020), ("[B]ecause the question of whether punitive damages are proper often turns on the defendants' state of mind, this question frequently cannot be resolved on the pleadings alone but must await the development of a full factual record.") (citing *In re Lemington Home for the Aged*, 777 F.3d 620, 631 (3d Cir. 2015)). As such, Defendant's motion to dismiss Plaintiff's claims of recklessness and punitive damages is denied.